BLANK ROME LLP
Attorneys for Debtor
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000
Michael Z. Brownstein
Joel C. Shapiro
Rocco A. Cavaliere

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
In re                                                            :
                                                                 :
CHIYODA AMERICA INC.,                                            :  Case No. 09-_____
                                                                 :  Chapter 11 Case
                    Debtor.                                      :
                                                                 :
---------------------------------------------------------------- X

**AFFIDAVIT OF MICHAEL DuFRAYNE IN SUPPORT OF DEBTOR'S
APPLICATION TO EMPLOY EXECUTIVE SOUNDING BOARD ASSOCIATES INC.
AS TURNAROUND CONSULTANT AND FINANCIAL ADVISOR FOR DEBTOR
PURSUANT TO 11 U.S.C. SECTION 327**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) |
| | ) ss.: |
| COUNTY OF PHILADELPHIA | ) |

**MICHAEL DuFRAYNE**, being duly sworn, deposes and says:

1. I am a managing director of Executive Sounding Board Associates Inc. ("Executive"), with offices at 2 Penn Center Plaza, Suite 1730, Philadelphia, Pennsylvania 19102. This affidavit is submitted in connection with the prefixed application (the "Application") of Chiyoda America Inc. (the "Debtor"), to retain Executive as turnaround

consultant to the Debtor in connection with the prosecution of their chapter 11 cases. Unless otherwise stated, I am fully familiar with all matters set forth in this Affidavit.

2. The Debtor has requested that Executive render services in connection with their chapter 11 cases. The Debtor has selected Executive as it's turnaround consultant because of the firm's experience in restructuring companies both in and out of bankruptcy, and its ability to perform the services needed effectively, expeditiously and efficiently for the benefit of the Debtor and its estates. The Debtor believes that Executive is well-qualified to act as its turnaround consultant.

3. As set forth in the Application, Executive will provide services for the following non-exhaustive matters:

    a. Preparing initial schedules and monthly operating reports.

    b. Restructuring balance sheet debt.

    c. Analyzing and reporting on current liquidity; preparing short-term cash flow forecasts.

    d. Monitoring the Debtor's compliance with the reporting requirements.

    e. Assist management in development of the financial aspects of a restructuring plan, including preparing financial projections, liquidation analysis and other schedules in support of the plan of reorganization.

    f. Explore strategic options, joint venture opportunities and other distribution or marketing arrangements with potential investors or synergistic parties.

    g. Interact with other professionals, attorneys, accountants, lenders and constituencies, as requested.

    h. Recommend and, if requested, implement opportunities to restructure operations and increase margins, performance and cash flow.

132546.01400/21808897v.1

i. Work with management to effectuate the changes necessary to restore credibility with lenders.

4. Neither I, Executive, nor any associate thereof, insofar as I have been able to ascertain, has any connection with the Debtor, their creditors or any other party in interest herein, or their respective attorneys and accountants, the United States Trustee, or any person employed by the Office of the United States Trustee, except as disclosed herein.

5. Executive has conducted an initial computerized databank search of the Debtor's top 20 creditors, the Debtor's secured lender, and numerous other parties in interest in this chapter 11 case to determine whether Executive represents any entity in this case which has an adverse interest to the Debtor. To the best of my knowledge, Executive does not currently represent creditors of the Debtor in matters relating to the Debtor. Due to time constraints, Executive has not been able to complete a search with respect to every creditor of the Debtor, and intends on supplementing the disclosures made herein as needed or appropriate, once the search is completed. However, after reviewing the search results to date, Executive believes that it does not hold or represent an interest adverse to the estate, and that Executive is a disinterested person, as such term is defined in § 101(14) of the Bankruptcy Code.

6. As of the Petition Date approximately $75,000 remains as a retainer (the "Retainer") for prospective services to be rendered in the Debtor's chapter 11 case, as allowed by the Court. Prior to the hearing to consider this Application, Applicant will provide an exact amount for the Retainer.

7. Executive's customary hourly rates, subject to change from time to time is as follows:

   a. Executive will be compensated for the service of Michael Dufrayne at the rate of $395.00 per hour.

- b. Executive will be compensated at a rate if $250.00 to $450.00 for the services of any other professional employed by Executive. subject to the prior approval of the Debtor.

- c. If the engagement lasts more than six (6) months, Executive reserves the right to increase the hourly rates without prior written notice to the Debtor.

- d. Executive will file a fee application for all service provided to the Debtor.

- e. Executive is to be reimbursed for all necessary and reasonable out-of-pocket expenses incurred in connection with the service of the Debtor.

8. Executive requests that its retention be deemed effective as of the date of the commencement of the Debtor's chapter 11 case, in light of the continuing nature of the services which must be performed in order for Executive to properly represent the Debtor and in order to avoid any prejudice resulting from any administrative delay in the signing of a retention order.

9. Based upon information available to me. Executive holds or represents no interest adverse to the Debtor and its estate as to the matters in which Executive is to be engaged. As Executive has or represents no interest adverse to the Debtor or the Debtor's estate, I believe that Executive is a "disinterested person" as defined in § 101(14). and as referenced in § 327(a), as modified by § 1107(b) of the Bankruptcy Code.

132546.01400/21808897v.1

10. The foregoing constitutes the statement of Executive pursuant to §§ 329 and 504 of the Bankruptcy Code and Bankruptcy Rule 2016(b).

_/s/ Michael DuFrayne_
Michael DuFrayne

Sworn to before me on
this 10th day of August, 2009

_/s/ Joanne E. Kennedy_
NOTARY PUBLIC

Joanne E. Kennedy, Notary Public
Caernarvon Twp., Berks County
My Commission Expires June 28, 2009

Member, Pennsylvania Association of Notaries

-5-

1325460140072180889751